UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY ALBERT GILLIGAN, JR.,

    Plaintiff,

v.

    Case No. 2:24-CV-884-KCD

COMMISSIONER OF SOCIAL SECURITY,

    Defendant,
_____/

## ORDER

Plaintiff Timothy Albert Gilligan, Jr. challenges the Commissioner of Social Security's decision denying his application for disability benefits under 42 U.S.C. § 405(g). (Doc. 1.)[1] For the reasons below, the Commissioner's decision is affirmed.

## I. Background

Gilligan filed for disability benefits in 2022. His application was denied initially and again on reconsideration. He then exercised his right to a hearing before an Administrative Law Judge ("ALJ"), who issued the unfavorable decision now under review. (Tr. 17-40.)[2]

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] Citations to the administrative record are designated by "Tr." with a pin-cite if needed.

After receiving Gilligan's evidence, the ALJ concluded that he had severe impairments of "degenerative disc disease of the lumbar spine with a history of surgery, hypertension, bipolar disorder, generalized anxiety disorder, a history of THC use disorder, opioid use disorder, and cocaine use disorder." (Tr. 20.)[3] Still, the ALJ found Gilligan had the residual functional capacity ("RFC") to perform light work with several restrictions. (*Id.* at 33.) Pertinent here, the ALJ found that Gilligan could only "perform work with occasional interaction and cooperation with coworkers and supervisors, but none with the general public." (*Id.*)

After considering the RFC and other evidence, including vocational expert testimony, the ALJ concluded that Gilligan could not perform his past relevant work but could hold other jobs in the national economy. (Tr. 39.) Thus, Gilligan was not disabled as that term is defined in this context. Gilligan further exhausted his administrative remedies, and this lawsuit followed. (Doc. 1.)

---

[3] An individual claiming Social Security disability benefits must prove he is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

## II. Standard of Review

"It is the ALJ's job to evaluate and weigh evidence and to resolve any conflicts in the record." *Gogel v. Comm'r of Soc. Sec.*, No. 2:20-CV-366-MRM, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021). Consequently, "[r]eview of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied." *Holland v. Comm'r of Soc. Sec.*, No. 2:21-CV-858-KCD, 2023 WL 2300593, at *2 (M.D. Fla. Mar. 1, 2023). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). As the Supreme Court has explained, "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 587 U.S. at 103.

When deciding whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the

3

decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [his] position; [he] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### III. Discussion

Gilligan presses one issue on appeal. (Doc. 16 at 16-19.) He targets the ALJ's conclusions about social interaction. Recall that the ALJ found he could only handle "occasional interaction and cooperation with coworkers and supervisors." (Tr. 33.) This was insufficient, according to Gilligan, because it failed to account for "the evidence regarding the quality of his interactions, particularly regarding his moderate limitations in the abilities to accept instructions and respond appropriately to criticism from supervisors and get along with coworkers." (Doc. 16 at 17.) In other words, the ALJ erred by not including a qualitative limitation on his interactions at work. (*Id.*)

The Court is not convinced. First, even accepting Gilligan's conclusion that the ALJ should have included a qualitative restriction, he cites no evidence supporting the need for a more restrictive RFC. As best the Court can tell, no doctor opined, and no state-agency consultant determined, that Gilligan should have "brief" or "superficial" or any other qualitative limitation

on his interactions with supervisors and coworkers. *See Pond v. Kijakazi*, No. 8:22-CV-1281-CEH-TGW, 2023 WL 7481601, at *6 (M.D. Fla. May 3, 2023) ("[T]he plaintiff must identify record evidence that compels a more restrictive mental RFC."); *Taylor on Behalf of Est. of Taylor v. Berryhill*, No. 17-CV-61402, 2018 WL 5098961, at *13 (S.D. Fla. Aug. 10, 2018) ("Claimant has not met her burden of showing a severe impairment or how her hand symptoms would have resulted in more restrictive functional limitations than those imposed by the ALJ."). The burden of proving disability always rests with claimant. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Gilligan fails to explain how the ALJ's omission of a qualitative restriction impacted the RFC, which precludes his claim from the start. *See, e.g.*, *Foster v. Comm'r of Soc. Sec.*, No. 6:19-CV-1426-ORL-LRH, 2020 WL 4582728, at *6 (M.D. Fla. Aug. 10, 2020).

Second, Gilligan divines the need for a qualitative limitation from a state-agency consultant opinion that he would have "moderate limitations in the abilities to accept instructions and respond appropriately to criticisms from supervisors and get along with coworkers." (Tr. 17.) But as the Commissioner points out, that's not what the consultant actually opined. (Doc. 18 at 6.) No matter, the ALJ sufficiently accounted for Gilligan's moderate limitations in social functioning by "includ[ing] the restriction that [he] was limited to jobs that involved only occasional interaction with the general public and coworkers[.]" *Washington v. Soc. Sec. Admin., Com'r*, 503 F. App'x 881, 883

5

(11th Cir. 2013). Nothing more was needed. *See Statum v. Acting Comm'r of Soc. Sec. Admin.*, No. 3:14-CV-1297-J-MCR, 2017 WL 744706, at *3 (M.D. Fla. Feb. 27, 2017) (rejecting Gilligan's exact argument); *Keaton v. Comm'r of Soc. Sec.*, No. 2:23-CV-826-NPM, 2024 WL 4345061, at *8 (M.D. Fla. Sept. 30, 2024) (same).

Overall, the ALJ recognized that Gilligan exhibited several severe limitations that could affect his ability to perform basic work activities. The ALJ assessed the relevant evidence including the medical records, Gilligan's daily activities, and his subjective complaints. From there, the ALJ formulated an RFC and determined that Gilligan was not disabled. Substantial evidence logically supports this conclusion.

### III. Conclusion

Considering the record as a whole, substantial evidence supports the ALJ's findings. Accordingly, the Court **AFFIRMS** the Commissioner's decision and directs the Clerk to enter judgment for the Commissioner and against Timothy Albert Gilligan, Jr. and close the file.

**ORDERED** in Fort Myers, Florida on April 3, 2025.

Kyle C. Dudek
United States Magistrate Judge